**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert Randall, M.D., Appellant,

v.

Amisub of South Carolina, Inc. d/b/a Piedmont Medical Center, Nathaniel Edwards, M.D., and Richard Patterson, M.D., Respondents.

Appellate Case No. 2014-000913

———————————

Appeal From York County
J. Ernest Kinard, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-076
Heard January 14, 2016 – Filed February 24, 2016

———————————

**AFFIRMED**

———————————

James Mixon Griffin, Griffin Davis, and Ariail Elizabeth King, Lewis Babcock L.L.P., both of Columbia, for Appellant.

Travis Dayhuff, Nelson Mullins Riley & Scarborough, LLP, and Monteith Powell Todd, Sowell Gray Stepp & Laffitte, LLC, both of Columbia, for Respondents.

———————————

**PER CURIAM:** Dr. Robert Randall appeals the circuit court's granting of summary judgment in favor of respondents Piedmont Medical Center, Dr. Nathaniel Edwards, and Dr. Richard Patterson on Dr. Randall's claims the respondents were liable for civil conspiracy and defamation after they summarily suspended and ultimately revoked his surgery privileges at Piedmont. Dr. Randall argues the circuit court erred in finding the respondents are immune from liability under the federal Healthcare Quality Improvement Act. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Moore v. Williamsburg Reg'l Hosp.*, 560 F.3d 166, 171, 175 (4th Cir. 2009) (explaining the Act "provides immunity from damages to participants in a 'professional review action' if the action meets certain standards and follows certain procedures" and creates "a statutory presumption that a professional review action meets the requirements for immunity unless the presumption is rebutted by a preponderance of the evidence"); 42 U.S.C.A. § 11111(a)(1) (2013) ("If a professional review action . . . of a professional review body meets all the standards specified in section 11112(a) of this title, . . . (A) the professional review body, (B) any person acting as a member or staff to the body, (C) any person under a contract or other formal agreement with the body, and (D) any person who participates with or assists the body with respect to the action, shall not be liable in damages under any law of the United States or of any State . . . with respect to the action."); 42 U.S.C.A. § 11112(a) (2013) ("For purposes of the protection set forth in section 11111(a) . . . , a professional review action must be taken—(1) in the reasonable belief that the action was in the furtherance of quality health care, (2) after a reasonable effort to obtain the facts of the matter, (3) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances, and (4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the requirement of paragraph (3). A professional review action shall be presumed to have met the preceding standards necessary for the protection set out in section 11111(a) of this title unless the presumption is rebutted by a preponderance of the evidence."); 42 U.S.C.A. § 11112(c)(2) (2013) (providing for purposes of immunity under the Act, nothing in section 11112 shall be construed as "precluding an immediate suspension or restriction of clinical privileges, subject to subsequent notice and hearing or other adequate procedures, where the failure to take such an action may result in an imminent danger to the health of any individual").

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**